UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRAL DRM LLC, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>JOSE MANUEL ROMERO, et al.,<br><br>      Defendants. | Case No. 24-cv-07060-RFL<br><br>**ORDER DENYING MOTION FOR ALTERNATIVE SERVICE**<br><br>Re: Dkt. No. 23 |

  Plaintiffs seek permission to serve Defendants Jose Manuel Romero and TV Azteca SAB DE CV by email, WhatsApp, and website posting.  Because Plaintiffs' request is not permitted under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Service Convention" or "Convention"), Plaintiffs' motion is **DENIED**.

  Romero and TV Azteca reside in Mexico.  Mexico is a signatory to the Hague Service Convention.  As Plaintiffs acknowledge, Mexico has objected to alternative methods of service under the Convention, so "service through Mexico's Central Authority is the *exclusive* method by which . . . Plaintiffs can serve the defendant."  (Dkt. No. 23 at 8.)[1]  Still, Plaintiffs argue that courts can order alternative methods of service as long as they are not expressly prohibited by the Hague Service Convention or objected to by the receiving state.  *See* Fed. R. Civ. P. 4(f)(3) (permitting serving international defendants "by other means not prohibited by international agreement, as the court orders").

---

[1] All citations to page numbers refer to ECF pagination.

1

"District courts in the Ninth Circuit are split on the issue of whether defendants may be served outside the United States via email, when the foreign country where service will occur is a signatory to the Hague Service Convention and has not affirmatively agreed to allow email service under that Convention." *Cadence Design Sys., Inc. v. Fenda USA Inc.*, 734 F. Supp. 3d 960, 963 (N.D. Cal. 2024) (citation omitted). After reviewing the plain text, structure, and purpose of the Hague Service Convention, this Court previously concluded "service must take place through the authorized methods delineated in the Convention, as agreed upon by the signatories." *Id.* at 963–65. Though Plaintiffs rely on *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002), that decision concerned Costa Rica, a non-signatory to the Convention. *See Cadence Design*, 734 F. Supp. 3d at 965. Since Mexico is a signatory to the Convention, *Rio Properties* "does not address the issue before this Court." *See id.*

As Mexico has not agreed to service by email, WhatsApp, or website posting, the Hague Service Convention prohibits these methods of service unless an exception applies. *See id.* "The court of the jurisdiction where the suit was brought may authorize alternate service in certain situations, such as in the 'case of urgency'; if the receiving country refuses to complete service for impermissible reasons (such as a claim that its internal law would not permit the action); or the receiving central authority does not return the required certificate showing it has completed service for more than six months." *Id.* (citing Arts. 13, 15). Plaintiffs do not argue any of these exceptions apply. Accordingly, Plaintiffs' motion is **DENIED**, without prejudice to renewing it if one of the exceptions becomes applicable.

**IT IS SO ORDERED.**

Dated: November 20, 2025

RITA F. LIN
United States District Judge